UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION at COVINGTON

CIVIL ACTION NO. 09-37-EBA

ARNOLD EVERSOLE, ET AL.,                                          PLAINTIFFS,

V.                         **MEMORANDUM OPINION**
                              **& ORDER**

ALLSTATE INSURANCE COMPANY,                           DEFENDANT.

## I. INTRODUCTION

This matter is before the undersigned on the Defendant's Motion for Summary Judgment [R. 44], which seeks summary judgment on all claims asserted by the Plaintiffs in this action. The motion was filed on March 1, 2010, the response time under local rule 7.1(c) has expired and no response has been filed. For the reasons stated below, the motion will be granted.

## II. FACTUAL BACKGROUND

The Defendant provided an extensive factual background in the Motion for Summary Judgment. [R. 44 at 2-19]. The Plaintiffs have not contested the accuracy of these facts. The Court has reviewed the facts as set forth in the Defendant's motion, and for purposes of this motion, the Court will rely upon the facts as stated in the Defendant's motion. See Guarino v. Brookfield Tp. Trustees, 980 F.2d 399, 404-05 (6th Cir. 1992).

## III. SUMMARY JUDGMENT STANDARD

Pursuant to Federal Rule of Civil Procedure 56(c), summary judgment is proper "if the

pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." The party moving for summary judgment bears the initial responsibility of informing the district court of the basis for its motion and identifying those portions of the record that it believes demonstrate the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).

In order to avoid summary judgment, the non-moving party must generally come forward with "specific facts showing that there is a genuine issue for trial." Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). However, in a case where there is no response in opposition to a motion for summary judgment, the Court may not automatically grant the motion. Rather, "[i]f the opposing party does not [] respond, summary judgment should, *if appropriate*, be entered against that party." Fed. R. Civ. P. 56(e) (emphasis added). Therefore, the Court is still required to determine whether the movant is entitled to judgment as a matter of law. Turner v. General Motors Corp., 23 Fed. Appx. 415, 416-17 (6th Cir. 2001).

## IV. ANALYSIS

Upon review, the Defendant's motion establishes that there is no genuine issue of material fact, and that the Defendant is entitled to judgment as a matter of law as to the claims asserted by the Plaintiffs.

The facts show that the Plaintiffs' breach of contract claim and statutory bad faith claim under Kentucky's Consumer Protection Act and Unfair Claims Settlement Practices Act must fail as a matter of law. The Defendant has provided evidence to establish its defenses to payment of the Plaintiffs claims, based on both the intentional acts/arson defense and the policy's

2

misrepresentation/fraud defense. The only evidence that weighs in favor of the Plaintiffs are statements made by the Plaintiffs disavowing involvement in the fire. However, based on the overwhelming evidence from investigators, law enforcement and other witnesses, these self-interested statements of non-involvement are insufficient to create a genuine issue of material fact. See Dixon v. Gonzales, 2007 WL 750532 (6th Cir. 2007) ("the nonmoving party must present 'significant probative evidence' to show that 'there is [more than] some metaphysical doubt as to the material facts.'"); see also, Moore v. Phillip Morris Cos., 8 F.3d 335, 339-40 (6th Cir. 1993)). The record in this case, taken as a whole, cannot lead a rational trier of fact to find for the non-moving party. Matsushita, 475 U.S. at 586-87. Therefore, the undersigned finds that there is no genuine issue for trial, and that the Defendant is entitled to judgment as a matter of law.

## V. CONCLUSION

Having considered the matter fully, and for the reasons stated above,

IT IS ORDERED AS FOLLOWS:

(1) The Motion for Summary Judgment [R. 44] is GRANTED;

(2) On or before JUNE 9, 2010, the Defendant shall file a status report regarding whether they intend to continue to pursue their counterclaim against the Plaintiffs.

Signed June 4, 2010.



Signed By:
*Edward B. Atkins*   *EBA*
United States Magistrate Judge