UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION at COVINGTON

CIVIL ACTION NO. 09-37-EBA

ARNOLD EVERSOLE, ET AL., PLAINTIFFS,

V.   **MEMORANDUM OPINION
     & ORDER**

ALLSTATE INSURANCE COMPANY, DEFENDANT.

\* \* \* \* \* \* \* \* \* \*

This matter is before the undersigned on the Plaintiffs' Motion to Vacate [R. 52], which seeks to vacate the Court's prior order granting summary judgment in favor of the Defendant. The Defendant filed a Response in Opposition to the Motion to Vacate [R. 53] on June 22, 2010, and the time for filing a reply under local rule 7.1(c) has expired. For the reasons stated below, the Motion to Vacate [R. 52] will be denied.

Plaintiffs' Motion to Vacate [R. 52] was filed by the Hon. Eric Deters, who entered his appearance on behalf of the Plaintiffs following this Court's granting of summary judgment and dismissal of the case. [See Rs. 48, 50]. The Plaintiffs request that the Court vacate these orders, based on previous counsel's failure to file a response opposing the Defendant's motion for summary judgment. [R. 52]. Furthermore, the Plaintiffs allege that previous counsel was slow to turn over his case file to new counsel, meaning that new counsel did not have an opportunity to respond to the

motion for summary judgment. [Id.].

The Federal Rules of Civil Procedure provide that the Court may grant relief from a final judgment or order for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). The Plaintiffs are seeking relief from the Court's order, therefore, they bear the burden of proving that they are entitled to relief under Rule 60(b). Jinks v. Alliedsignal, Inc., 250 F.3d 381, 385 (6th Cir. 2001); Bruegger's Enters., Inc. v. Middleburg Towne Square Ltd. P'ship, 233 F.R.D. 504, 507 (N.D. Ohio, 2005). Though the Plaintiffs' motion does not specifically cite to any section of Rule 60(b), it appears that the only subsections which could potentially provide relief in the present case are subsections (1) and (6).

The Plaintiffs have not shown that they are entitled to relief under Rule 60(b)(1), which permits relief for "mistake, inadvertence, surprise, or excusable neglect." In order to be granted relief under Rule 60(b)(1), "the moving party must demonstrate: '(1) the existence of mistake, inadvertence, surprise, or excusable neglect, and (2) that he [or she] has a meritorious defense.'" Bruegger's Enters. Inc., 233 F.R.D. at 507 *citing* Marshall v. Monroe & Sons, Inc., 615 F.2d 1156,

1160 (6th Cir. 1980). Plaintiffs' prior counsel was aware that a motion for summary judgment was pending, and did not file a response in opposition. [See R. 47]. Since counsel was aware of the motion, and intentionally decided not to file a response, the Court finds that there is no "mistake, inadvertence, [or] surprise." Fed. R. Civ. P. 60(b)(1). Therefore, the only remaining ground for relief under Rule 60(b)(1) is "excusable neglect."

In determining whether excusable neglect exists, the Court must consider whether the alleged neglect of the parties *and their counsel* was excusable. McCurry v. Adventist Health System/Sunbelt, Inc., 298 F.3d 586, 595 (6th Cir. 2002) *citing* Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 397 (1993) (emphasis in original). The basis for the Plaintiffs' motion is that their previous attorney failed to inform the Plaintiffs of the motion for summary judgment, that he failed to file a response to the motion for summary judgment, and that he failed to turn over his case file to new counsel in a timely manner. [R. 52]. Assuming these allegations to be true, the actions of Plaintiffs and their counsel do not rise to the level of excusable neglect, and are insufficient to warrant relief under Rule 60(b)(1). Counsel was aware that a motion for summary judgment had been filed and, for purposes of a Rule 60 motion, the failure to respond to a motion for summary judgment or to seek an extension of time to respond does not rise to excusable neglect. Kendall v. Hoover Co., 751 F.2d 171, 175 (6th Cir. 1984); see also, B&D Partners v. Pastis, No. 05-5954, 2006 WL 1307480 (6th Cir. May 9, 2006). The Plaintiffs "voluntarily chose this attorney as [their] representative in the action, and [they] cannot now avoid consequences of the acts or omissions of this freely selected agent." Pioneer Inv. Servs. Co., 507 U.S. at 397 *citing* Link v. Wabash R. Co., 370 U.S. 626, 633-34 (1962). The actions of the Plaintiffs and their counsel do not amount to excusable neglect, and the Plaintiffs are not entitled to relief under Rule 60(b)(1).

3

As noted above, in order to be granted relief under Rule 60(b)(1), "the moving party must demonstrate: '(1) the existence of mistake, inadvertence, surprise, or excusable neglect, *and* (2) that he [or she] has a meritorious defense.'" Bruegger's Enters. Inc., 233 F.R.D. at 507 *citing* Marshall v. Monroe & Sons, Inc., 615 F.2d 1156, 1160 (6th Cir. 1980) (emphasis added). The Plaintiffs have failed to meet the first element, and they have also failed to provide any evidence to meet the second element. The Court's Memorandum Opinion & Order [R. 48] did not grant summary judgment on the basis of the Plaintiffs' failure to respond. Rather, the Court examined the uncontested facts of record and determined, pursuant to Federal Rule of Civil Procedure 56(e), that summary judgment was appropriate. In the Motion to Vacate [R. 52], the Plaintiffs provide absolutely no evidence to show that summary judgment was improvidently granted. The Court has been presented with no evidence that would show that the Plaintiffs have a meritorious defense; the Plaintiffs have not met their burden of showing that they are entitled to relief under Rule 60(b)(1).

Likewise, the Plaintiffs are not entitled to relief under Rule 60(b)(6), which allows the Court to consider "any other reason that justifies relief." Subsection (b)(6) applies "only in exceptional or extraordinary circumstances which are not addressed by the first five numbered clauses of the Rule." Hopper v. Euclid Manor Nursing Home, Inc., 867 F.2d 291, 294 (6th Cir. 1989); see also, Blue Diamond Coal Co. v. Trustees of the UMWA Combined Benefit Fund, 249 F.3d 519, 524 (6th Cir. 2001) (Rule 60(b)(6) should provide relief only in "unusual and extreme circumstances where principles of equity mandate relief"). The claims set forth in the Motion to Vacate [R. 52] are clearly addressed by Rule 60(b)(1), and do not present the exceptional or extraordinary circumstances that would warrant relief under Rule 60(b)(6).

Having considered the matter fully, and for the reasons stated above,

IT IS ORDERED AS FOLLOWS:

(1) The Motion to Vacate [R. 52] is DENIED;

(2) This is a final and appealable order.

Signed July 26, 2010.

Signed By:
*Edward B. Atkins* EBA
United States Magistrate Judge